IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV251-GCM

| | |
|---|---|
| DIRECTV, LLC, a California limited liability Company, ) ) ) Plaintiff, ) ) Vs. ) JUAN A. SANCHEZ, et al., ) ) Defendants. ) ) | ORDER |

This matter is before the Court upon Plaintiff's Memorandum of Law in Support of Damages, Costs and Attorneys' Fees, filed May 4, 2017. The Defendants have failed to file a response to the motion.

On March 21, 2017, this Court granted Plaintiff's Motion for Summary Judgment as to the liability of the Defendants under 47 U.S.C. § 605, and granted Plaintiff's request to submit additional authorities regarding damages, costs and attorney's fees. (Doc. No. 16). Plaintiff may collect damages under the statute as an aggrieved party as it possesses proprietary rights to the satellite programming which is the subject of this lawsuit. DIRECTV elects to seek statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) rather than actual damages. In determining the amount of statutory damages that can be imposed for each violation within the range of $1,000.00 to $10,000.00, the court may award statutory damages in an amount "the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Balancing the need for deterrence with the desire of the Court to allow for the continuation of a small business, the Court finds the sum of $3,000.00 in statutory damages to be just.

1

DIRECTV also seeks enhanced damages under § 605(e)(3)(C)(ii). Enhanced damages are available where the violation was willful and committed for direct or indirect commercial advantage or private financial gain. It is undisputed that on May 21, 2014, DIRECTV satellite programming was being broadcasted at TANAKA'S GRILL & SUSHI in Charlotte, North Carolina for public viewing and that said establishment was not authorized to broadcast DIRECTV satellite programming for commercial viewing. As Defendants have admitted that they did so willfully and received a financial benefit from doing so, under 47 U.S.C. §605(e)(3)(C)(ii), the Court has the discretion to award additional damages up to $100,000 for the willful violation. Once again, the Court must balance the need for deterrence with the risk of impairing the viability of Defendants' business. *See J & J Sports Prods. v. Sangria's Mexican Grill 2 LLC*, 2015 WL 5824900, *3 (D. Wis. Oct. 6, 2015). Accordingly, the Court will award enhanced damages in the amount of $3,000.00.

Under 47 U.S.C. §605(e)(3)(B)(iii), a prevailing plaintiff shall recover court costs and reasonable attorneys' fees. Along with the present motion, DIRECTV has filed an Attorney's Affidavit of Costs and Fees and is requesting its costs and fees related to the instant litigation in the amount of $11,872.59. The Court finds that DIRECTV is entitled to such amount.

IT IS THEREFORE ORDERED that DIRECTV shall recover against the Defendants:

1) Three thousand dollars ($3,000.00) pursuant to 47 U.S.C. §605(e)(3)(C)(i)(II); and

2) Three thousand dollars ($3,000.00) ) pursuant to 47 U.S.C. §605(e)(3)(C)(ii), for Defendants' willful violation of 47 U.S.C. §605(a); and further,

3) Costs and attorney's fees of ELEVEN THOUSAND EIGHT HUNDRED SEVENTY TWO AND 59/100 DOLLARS ($11,872.59) pursuant to 47 U.S.C.

§605(e)(3)(B)(iii).

Signed: May 22, 2017

Graham C. Mullen
United States District Judge